UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

VICTOR ROBINSON,

      Plaintiff,

                                                    **JURY TRIAL DEMANDED**

v.

G.C.L. CONSTRUCTION, INC., a Florida
for-profit corporation, GUY LEBOEUF, Sr.,
and SUSAN MARKER-LEBOEUF,

      Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, VICTOR ROBINSON, ("ROBINSON"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, G.C.L. CONSTRUCTION, INC., a Florida for-profit corporation, (hereinafter "G.C.L. CONSTRUCTION"), GUY LEBOEUF, Sr. (hereinafter "G. LEBOEUF") and SUSAN MARKER-LEBOEUF, (hereinafter "MARKER-LEBOEUF"), and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, G.C.L.

CONSTRUCTION was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendant, G.C.L. CONSTRUCTION operated a construction business. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendant's' business, and moved in interstate commerce.

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida

   and,

   b. Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, ROBINSON was and continues to be a resident of Pompano Beach, Broward County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant, G.C.L. CONSTRUCTION, was conducting business in Pompano Beach, Broward County, Florida,

10. At all times material hereto, Defendant, G.C.L. CONSTRUCTION was the employer of Plaintiff, ROBINSON.

11. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant knowingly and willfully failed to pay Plaintiff, ROBINSON his lawfully earned wages in conformance with the FLSA.

13. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendant, G.C.L. CONSTRUCTION was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff, ROBINSON was directly essential to the business performed by Defendant.

16. Defendants, G. LEBOEUF and MARKER-LEBOEUF were supervisors and/or manager/owners who were involved in the day-to-day operations and/or were directly responsible for the supervision of Plaintiff. Therefore, they are personally liable for the FLSA violations.

17. Defendants, G. LEBOEUF and MARKER-LEBOEUF were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, ROBINSON.

18. Plaintiff, ROBINSON has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

19. From about July 2014 to about July 2015, Plaintiff, ROBINSON was employed by the Defendants as a laborer at the Defendants' construction business. Plaintiff, Robinson was re-hired by the Defendants on or about July 16, 2016. His employment terminated on or about December 23, 2016.

20. During Plaintiff, ROBINSON's periods of employment he was paid an hourly rate of $15.00 per hour.

21. Defendants knowingly, willfully and maliciously operated its business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

22. On or about December 16, 2016, the Plaintiff complained to the Defendants about its violation of the FLSA insofar as failing to properly pay Plaintiff all overtime wages.

23. The Defendants caused the Plaintiff to be terminated from his employment on or about December 23, 2016. The termination was in retaliation for Plaintiff engaging in his FLSA rights by complaining about not being paid overtime and because the Defendants believed Plaintiff had contacted a lawyer to vindicate his FLSA rights.

24. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

25. Plaintiff, ROBINSON repeats and realleges Paragraphs 1 through 24 as if fully set forth herein.

26. Plaintiff, ROBINSON's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

27. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours. Plaintiff, ROBINSON was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

28. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff, ROBINSON intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

29. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, ROBINSON at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when it knew or should have known such was due.

30. Defendant failed to properly disclose or apprise Plaintiff, ROBINSON of his rights under the FLSA.

31. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff, ROBINSON is entitled to liquidated damages pursuant to the FLSA.

32. Due to the willful and unlawful actions of the Defendant, Plaintiff, ROBINSON has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

33. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, ROBINSON respectfully requests that judgment be entered in hisfavor against the Defendants:

    a.    Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

    b.    Awarding Plaintiff overtime compensation in the amount calculated;

    c.    Awarding Plaintiff liquidated damages in the amount calculated;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.    Awarding Plaintiff post-judgment interest; and

    f.    Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

## RETALIATION IN VIOLATION OF 29 U.S.C. § 215

34. Plaintiff, ROBINSON realleges Paragraphs 1 through 24 as if fully stated herein.

35. On about December 16, 2016 Plaintiff, ROBINSON engaged in statutorily protected activity when he complained to the Defendants about not being paid for all his hours worked at the rates required by the FLSA.

36. On or about December 23, 2016, the Plaintiff was terminated from his employment with the Defendants. His termination was based on his having engaged in a statutorily protected FLSA activity.

37. Pursuant to 29 U.S.C. § 215, Plaintiff, ROBINSON was entitled to engage in and assert activities and rights protected by the FLSA without retaliation.

38. A causal link exists between the Defendants' decision to terminate ROBINSON, and the Plaintiff, ROBINSON engaging in activities protected by the FLSA.

39. Defendants' actions insofar as terminating the Plaintiff were not for a legitimate, non-retaliatory reason.

WHEREFORE, Plaintiff, ROBINSON, respectfully requests that judgment be entered in his favor against the Defendants:

  a. Declaring that Defendants retaliated against Plaintiff, ROBINSON, asserting and engaging in activities protected by the FLSA;

  b. Declaring that Defendants violated 29 U.S.C. § 215;

  c. Awarding Plaintiff, ROBINSON, back pay and front pay (through age 65), respectively, in the amount calculated;

d.  Awarding Plaintiff liquidated damages in the amount calculated;

e.  Awarding Plaintiff post-judgment interest;

f.  Awarding Plaintiff compensatory damages for emotional pain, suffering and humiliation;

g.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to the FLSA;

h.  Ordering reinstatement, and injunctive relief preventing Defendants from discriminating in the manner described above; and,

i.  Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: January 12, 2017.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: s/. Peter Bober Esq.
    PETER BOBER
    FBN: 0122955
    SAMARA BOBER
    FBN: 0156248