UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0:17-cv-60084-MCALILEY

CONSENT CASE

VICTOR ROBINSON,

   Plaintiff,

v.

G.C.L. CONSTRUCTION, INC., a Florida
for-profit corporation, GUY LEBOEUF, Sr.,
and SUSAN MARKER-LEBOEUF,

   Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE

The Plaintiff and Defendants, through undersigned counsel, hereby respectfully request that this Court approve the Parties' Settlement Agreement, attached hereto as **Exhibit A,** and Dismiss Case With Prejudice.[1] The Parties state as follows:

### Procedural History and Facts

The Plaintiff filed an Amended Complaint against the Defendants alleging overtime violations provisions of the Fair Labor Standards Act ("FLSA"). The Defendants filed their Answer & Affirmative Defenses to Amended Complaint disputing all liability. The Defendants dispute the Plaintiff's entitlement to any relief under the FLSA, and deny they failed to properly compensate the Plaintiff. After a significant amount of written discovery, the taking of

---

[1] The Parties hereto request the Court retain jurisdiction to enforce Defendants' settlement payment obligations.

12

depositions, and significant motion practice, the parties were able to resolve the case. The settlement between the Parties is attached as **Exhibit A**.

## Memorandum of Law

Pursuant to <u>Lynn's Food Stores, Inc v United States</u>, 679 F. 2d 1350 (11th Cir. 1982), employment and wages claims arising under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor. Accordingly, the parties respectfully request that the Court approve the terms of their settlement agreement. The Parties stipulate that the settlement reached between them represents a fair and reasonable resolution of Plaintiff's claims. Here, numerous factual disputes abound. First and foremost, the Defendants dispute that the Plaintiff was their "employee" or that they were an "employer" under the FLSA. The Defendants contend that the Plaintiff was, at all times, an independent contractor.

Next, there is a dispute regarding work hours of the Plaintiff. The Plaintiff contends he worked significant amounts of hours in excess of forty (overtime) each week, but was not paid at the rate of time-and-one-half for all hours. To the contrary, the Defendants maintain that the Plaintiff did not work overtime hours, and even if he did, was paid properly at all times.

Third, there is also a factual dispute between the Parties about the individual/personal liability of the individual Defendants. To the extent there is liability in this case, which the Defendants dispute, it would fall on the corporate Defendant, G.C.L. Construction, Inc.—not on Guy and Susan Leboeuf. While the Plaintiff alleges the individual Defendants should be deemed "employers," under the FLSA, the Defendants vehemently maintain that they have no such liability.

Fourth, there is a dispute between the Parties as to whether the Defendants acted willfully so as to impose a three-year statute of limitations under the FLSA, as opposed to a two-year

limitation. Although the Defendants maintain they have no liability, assuming *arguendo* that they did, they argue that their actions were not willful.

The Parties also believe that the settlement promotes judicial efficiency and saves attorney resources. Indeed, several depositions have already been conducted, there would likely be another six to eight depositions that would need to take place. Moreover, the Parties anticipated that if settlement was not reached, they would each file time-consuming motions for summary judgment to dispose of various issues, but that a trial might be required as to other issues where there was a factual dispute.

WHEREFORE, the Plaintiff and Defendants respectfully request that this Court approve the settlement agreement entered into between them, dismiss the case with prejudice, retain jurisdiction to enforce those Defendants' payment obligations, and grant the parties all other relief deemed appropriate.

Respectfully submitted this 11 day of April 2018 by,

| s/. Peter Bober, Esq. | s/. Lisandra Estevez, Esq. |
|---|---|
| peter@boberlaw.com | DAVID DI PIETRO & ASSOCIATES, P.A. |
| Bober & Bober, P.A., | The Law Offices of David Di Pietro, P.A. |
| 1930 Tyler Street | 101 NE 3rd Ave., Suite 1410 |
| Hollywood, FL 33020 | Fort Lauderdale, FL 33301 |
| Telephone: (954) 922-2298 | david@ddpalaw.com |
| Facsimile: (954) 922-5455 | service@ddpalaw.com |
| Attorneys for Plaintiff | paralegal@ddpalaw.com |
| | Telephone: (954) 712-3070 |
| | Facsimile: (954) 337-3824 |
| | Attorney for Defendants, G.C.L. CONSTRUCTION, INC., GUY LEBOEUF, Sr., and SUSAN MARKER-LEBOEUF |