## SETTLEMENT AGREEMENT & GENERAL RELEASE

THIS SETTLEMENT AGREEMENT ("Agreement") is made this 10 day of April 2018, by and between Plaintiff, VICTOR ROBINSON ("Plaintiff" or "Robinson") and Defendants G.C.L. CONSTRUCTION, INC., GUY LEBOEUF and SUSAN MARKER-LEBOEUF (jointly and severally, and collectively, the "Company" or the "Defendants"), which shall also collectively include all past and present parents, successors in interest, subsidiaries, divisions, departments, wholly-owned corporations or partnerships, its current or former officers, agents, administrators, directors, stockholders, attorneys, owners, shareholders, members, agents, partners, subcontractors, or employees, in both their individual and official capacities. The aforementioned Plaintiff and Defendants will be collectively referred to in this agreement as the "Parties."

## RECITALS

WHEREAS, on or about January 13, 2017, Plaintiff, through his attorney, filed a lawsuit in the United States District Court, Southern District of Florida (Case No: 2017-CV-60084-McAliley) which alleged that Defendants violated the Fair Labor Standards Act, 29 U.S.C § 201-219 ("FLSA") (the "Lawsuit"); and

WHEREAS, the Defendants deny any and all liability to the Plaintiff; and

WHEREAS, the Parties deny any liability toward the other, and deny any wrongdoing whatsoever to the other.

WHEREAS, for purposes of avoiding costly litigation and in order to reach an amicable resolution of the claims and disputes by and among the Parties, the Parties desire to compromise, fully and finally settle, any and all actual or potential claims, that Plaintiff may have against Defendants, including but not limited to those claims raised, or which could have been raised, in the Lawsuit; and

1



**NOW, THEREFORE,** in consideration of the mutual promises and agreements set out herein, Plaintiff and Defendants agree as follows:

1. **Dismissal of Lawsuit.** Promptly after the Parties' sign this Agreement, the Parties shall jointly file a Motion requesting the Court in the Lawsuit approve this Agreement and to dismiss the Lawsuit with prejudice, with each party bearing their own attorneys' fees and costs except as otherwise set forth in this Agreement. The Parties shall also request the Court to retain jurisdiction to enforce the terms of this Agreement.

2. **Consideration Paid to Plaintiff:** Defendants shall pay to Plaintiff and his counsel the gross amount of $24,000.00 (the "Settlement Amount")(comprised of $4,500.00 to Plaintiff as damages, $4,5000 to Victor Robinson as liquidated damages, and $15,000.00 as attorney's fees and costs). The Settlement Sum shall be delivered to Bober & Bober, P.A. in the form of a cashier's check made out to "Bober & Bober, P.A. Trust Account" by not later than May 2, 2018. By not later than April 12, 2018, the parties shall fully execute this Agreement and seek approval from the U.S. District Court. In no event shall the Settlement Sum be disbursed until such time as the U.S. District Court approves of this FLSA settlement, and dismisses the Lawsuit with prejudice.

If the Defendants fail to timely pay and deliver the Settlement Sum as set forth above, the Plaintiff shall be entitled to pursue an action in a court of competent jurisdiction, and file an unopposed motion for entry of a self-executing final judgment against all Defendants in the amount of $34,000 less any amounts paid hereunder; provided, however, that prior to seeking such final judgement, Plaintiff or his counsel shall first provide notification to Defendants by email at nicole@ddpalaw.com and Lisandra@ddpalaw.com, affording Defendants three (3) business days to cure the default. If Defendants fail to cure the payment default during the three (3) business day

period, then Plaintiff may file the aforesaid Unopposed Motion for Entry of Self-Executing Final Judgment against Defendants in the amount of $34,000.00 less any amounts paid hereunder.

This Agreement is contingent upon Court approval.

3. **No Representations by Defendants**. Defendants make no representations regarding the tax obligations that may arise to Plaintiff from the Settlement Amount. The Parties agree and acknowledge that Plaintiff would not be entitled to this Settlement Amount but for this Agreement.

4. **Plaintiff's Release of Claims.** In exchange for the consideration described in this Agreement, the Plaintiff irrevocably, knowingly, and voluntarily releases, waives, and forever discharges any and all claims, demands, actions, or causes of action, of any kind whatsoever, known or unknown, foreseen or unforeseen, foreseeable or unforeseeable, and any consequences thereof, which Plaintiff has or may have against Defendants and each of the above referenced individuals and entities' owners, members, partners, spouses, shareholders, officers, directors, employees, subcontractors, attorneys, successors, and assigns (collectively the "Defendant Releasees"), from the beginning of the world until the effective date of this Agreement, based on any claims, known or unknown, as more fully described herein. The disputes released by Plaintiff include, but are not limited to, any and all disputes against Defendant Releasees concerning Plaintiff's employment, wages, and separation from employment with Defendant Releasees. The disputes released by Plaintiff include those known or unknown, actual or contingent, in law, in equity, or otherwise and whether based in tort, contract, statute, or any other basis. This release includes all disputes for which Plaintiff could seek equitable relief, and actual, compensatory, consequential, liquidated, punitive, special, multiple or other damages, expenses (including



attorneys' fees and costs), and all other reimbursements or charges of any kind. The disputes released include, but are not limited to, any claim(s) under:

- Title VII of the Civil Rights Act of 1964;
- The Civil Rights Act of 1991;
- The Florida Civil Rights Act of 1992;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Constitutions of the United States and the State of Florida;
- The Employee Retirement Income Security Act of 1974;
- The Florida Health Insurance Coverage Continuation Act;
- The Florida Wage Discrimination Law;
- Florida Wage and Hour laws;
- Any Florida or federal whistleblower laws;
- The Internal Revenue Code;
- The Rehabilitation Act;
- The Consolidated Omnibus Budget Reconciliation Act;
- The Immigration Reform and Control Act of 1986;
- The Americans with Disabilities Act of 1990;
- The Age Discrimination in Employment Act, including the Older Workers Benefit Protection Act;
- The Fair Labor Standards Act;
- The Equal Pay Act of 1963;
- The Occupational Safety and Health Act;
- The Family and Medical Leave Act of 1993;
- The National Labor Relations Act; or
- Any other federal, state, or local civil or human rights law or any other federal, state, or local law, regulation, or ordinance.

The disputes released also include any and all disputes Plaintiff believes to have against Defendant Releasees in contract or at common law, including, but not limited to, breach of oral, written and/or implied contract an implied covenant of good faith and fair dealing, wrongful discharge under any theory, including for lack of good cause, in violation of public policy, and constructive discharge, intentional and negligent infliction of emotional distress, any tort action, negligent retention and supervision, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy, defamation, false imprisonment, and interference with contract and/or prospective economic advantage.

The reference herein to specific statutory, contract and common law claims is in no way intended to limit the disputes released. The Parties intend that the disputes Plaintiff is releasing be construed as broadly as possible to cover any and all disputes Plaintiff may have or believe to have against Defendant Releasees. In that regard, Plaintiff further acknowledges that Plaintiff may later discover facts in addition to or different from those which Plaintiff now knows or believes to be true. Plaintiff agrees that any such difference in the facts shall not affect this Agreement; that Plaintiff assumes the risk of any such difference in the facts; and that Plaintiff further agrees that this Agreement shall remain in full force and effect and not be subject to rescission by reason of any such difference in the facts.

Plaintiff agrees that with respect to the claims he is waiving, he is waiving not only his right to recover money or other relief in any action that he might institute but also that he is waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity including, but not limited to, the State of Florida, the United States Equal Employment Opportunity Commission, the Florida Commission on Human Relations, the United States Department of Labor, or any other (U.S. or foreign) federal, state, or local agency or department. Plaintiff further represents that he has not heretofore assigned or transferred, or purported to have assigned or transferred, to any entity or person any dispute released herein.

5. **Defendants' Release of All Claims:**

In exchange for the consideration described in this Agreement, the Defendants irrevocably, knowingly, and voluntarily release, waive, and forever discharge any and all claims, demands, actions, or causes of action, of any kind whatsoever, known or unknown, foreseen or unforeseen, foreseeable or unforeseeable, and any consequences thereof, which Defendants have or may have against Plaintiff, from the beginning of the world until the effective date of this Agreement, based

5



on any claims, known or unknown. The disputes released also include, but are not to limited to, any and all disputes Defendants believe to have against Plaintiff in contract or at common law, including, but not limited to, breach of oral, written and/or implied contract an implied covenant of good faith and fair dealing, wrongful discharge under any theory, including for lack of good cause, in violation of public policy, and constructive discharge, intentional and negligent infliction of emotional distress, any tort action, negligent retention and supervision, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy, defamation, false imprisonment, and interference with contract and/or prospective economic advantage.

6. **No Admission of Liability**: Defendants expressly deny any liability whatsoever and agree that this Agreement is tendered to resolve all issues currently pending. Further, all Parties agree that entering into this Agreement shall not be construed as an admission by Defendants of any violation of contract, duty, law, ordinance, regulation or any other theory of relief whether federal, state or local. Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement.

7. **Intention to Avoid Dispute**: Each Party has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expense.

8. **No Assignment**: Plaintiff represents, covenants and warrants that he has not directly or indirectly assigned, transferred, encumbered, or purported, to assign, transfer, or

encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Agreement.

9. **Neutral Reference and No Rehire:** Plaintiff agrees and acknowledges that he will not seek employment in any capacity with Defendant Releasees, or any business owned or operated by Defendant Releasees, at any time in the future, and that Defendant Releasees have no obligation to rehire Plaintiff, and that Defendant Releasees' failure or refusal to hire Plaintiff shall not be deemed retaliation. The Parties agree that in the event a prospective employer contacts Defendants in relation to Plaintiff's employment status, Defendants shall provide a neutral reference by providing Plaintiff's start and end dates and positions held. It shall be a material violation of this Agreement for Defendants to reveal to any prospective employer of Plaintiff, that Plaintiff made claims against Defendants.

10. **Confidentiality**. Except as otherwise set forth in this paragraph, Plaintiff agrees that he will keep strictly confidential this Agreement and the terms and conditions of this Agreement. If inquiries arise concerning this Agreement or the Lawsuit, Plaintiff may reply that "the matter has been resolved," but shall make no other comment. The only exceptions to the restrictions set forth in this paragraph shall be a disclosure required to report taxes, disclosure required by a court order, or disclosure made by Plaintiff to his respective attorneys, immediate family and/or tax advisor, on the condition that any disclosure by them to any other persons shall be deemed a violation of this Agreement.

11. **Approval of Agreement**. The Parties' shall file a joint motion, attached as **Exhibit A**, requesting the Court to approve the terms of this Agreement and shall attach a copy of the Agreement to the motion. The filing of the Joint Motion for approval and submittal of the Agreement to the Court shall not be deemed a breach of this provision.

12. **Non-Disparagement.** Plaintiff will not disparage Defendants, or any of their directors, officers, or agents, or otherwise take any action which could reasonably be expected to adversely affect Defendants' reputations. Similarly, Defendants will not disparage Plaintiff or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of Plaintiff.

13. **Governing Law:** The terms of this Agreement will be construed in accordance with the laws of the State of Florida, and where applicable, federal law.

14. **Enforcement of Agreement:** The Parties agree that the Court in the Lawsuit shall retain jurisdiction to enforce the terms of this Agreement, unless said Court refuses to retain jurisdiction, in which case this Agreement shall be enforceable in the appropriate court in Broward County, Florida. In any action to enforce the material provisions of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs.

15. **Severability:** If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or application of this Agreement and to this end the provisions of this Agreement are declared severable.

16. **Parties Represented by Counsel:** This Agreement is not to be construed against any party. All Parties were represented by counsel and participated in the drafting of this Agreement.

17. **Execution:** This Agreement shall become effective upon the date the last signatory executes this Agreement. This Agreement can be executed in counterparts. An executed version of this Agreement, if transmitted via email or facsimile, shall be effective and binding as if it were the originally executed document.

18.     **Entire Agreement.** All Parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in this Agreement. All Parties represent and agree that this is an all-inclusive Agreement and that no other written, oral and/or implied representations, promises or agreements exist between them regarding the subject matter set forth in this Agreement. All Parties represent and agree that this Agreement is a single integrated contract expressing the entire agreement of the Parties regarding the subject matter of this Agreement. This Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by all Parties.

EACH PARTY HAS HAD A FULL AND COMPLETE OPPORTUNITY TO REVIEW THIS AGREEMENT. EACH PARTY HAS CAREFULLY REVIEWED THIS AGREEMENT, UNDERSTANDS ALL OF ITS PROVISIONS AND FREELY AND VOLUNTARILY ENTERS INTO THIS AGREEMENT. IN THE EVENT OF ANY DISPUTE OVER THIS AGREEMENT ALL PARTIES EXPRESSLY WAIVE THEIR RIGHT TO A TRIAL BY JURY.

AGREED TO AND ACCEPTED BY:

PLAINTIFF:

_/s/ Victor Robinson_____
VICTOR ROBINSON

Date: 4-11-18

DEFENDANTS:

_____, VP

9

G.C.L. CONSTRUCTION, INC.
Print Name: SUSAN M LEBOEUF
Its: VP
Date: 4-11-18

_____
GUY LEBOEUF
Date: 4-11-18

_____
SUSAN MARKER-LEBOEUF
Date: 4-11-18

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0:17-cv-60084-MCALILEY

CONSENT CASE

VICTOR ROBINSON,

Plaintiff,

v.

G.C.L. CONSTRUCTION, INC., a Florida
for-profit corporation, GUY LEBOEUF, Sr.,
and SUSAN MARKER-LEBOEUF,

Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE

The Plaintiff and Defendants, through undersigned counsel, hereby respectfully request that this Court approve the Parties' Settlement Agreement, attached hereto as **Exhibit A,** and Dismiss Case With Prejudice.[1] The Parties state as follows:

### Procedural History and Facts

The Plaintiff filed an Amended Complaint against the Defendants alleging overtime violations provisions of the Fair Labor Standards Act ("FLSA"). The Defendants filed their Answer & Affirmative Defenses to Amended Complaint disputing all liability. The Defendants dispute the Plaintiff's entitlement to any relief under the FLSA, and deny they failed to properly compensate the Plaintiff. After a significant amount of written discovery, the taking of

---

[1] The Parties hereto request the Court retain jurisdiction to enforce Defendants' settlement payment obligations.

depositions, and significant motion practice, the parties were able to resolve the case. The settlement between the Parties is attached as **Exhibit A**.

### Memorandum of Law

Pursuant to <u>Lynn's Food Stores, Inc v United States</u>, 679 F. 2d 1350 (11th Cir. 1982), employment and wages claims arising under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor. Accordingly, the parties respectfully request that the Court approve the terms of their settlement agreement. The Parties stipulate that the settlement reached between them represents a fair and reasonable resolution of Plaintiff's claims. Here, numerous factual disputes abound. First and foremost, the Defendants dispute that the Plaintiff was their "employee" or that they were an "employer" under the FLSA. The Defendants contend that the Plaintiff was, at all times, an independent contractor.

Next, there is a dispute regarding work hours of the Plaintiff. The Plaintiff contends he worked significant amounts of hours in excess of forty (overtime) each week, but was not paid at the rate of time-and-one-half for all hours. To the contrary, the Defendants maintain that the Plaintiff did not work overtime hours, and even if he did, was paid properly at all times.

Third, there is also a factual dispute between the Parties about the individual/personal liability of the individual Defendants. To the extent there is liability in this case, which the Defendants dispute, it would fall on the corporate Defendant, G.C.L. Construction, Inc.—not on Guy and Susan Leboeuf. While the Plaintiff alleges the individual Defendants should be deemed "employers," under the FLSA, the Defendants vehemently maintain that they have no such liability.

Fourth, there is a dispute between the Parties as to whether the Defendants acted willfully so as to impose a three-year statute of limitations under the FLSA, as opposed to a two-year

limitation. Although the Defendants maintain they have no liability, assuming *arguendo* that they did, they argue that their actions were not willful.

The Parties also believe that the settlement promotes judicial efficiency and saves attorney resources. Indeed, several depositions have already been conducted, there would likely be another six to eight depositions that would need to take place. Moreover, the Parties anticipated that if settlement was not reached, they would each file time-consuming motions for summary judgment to dispose of various issues, but that a trial might be required as to other issues where there was a factual dispute.

WHEREFORE, the Plaintiff and Defendants respectfully request that this Court approve the settlement agreement entered into between them, dismiss the case with prejudice, retain jurisdiction to enforce those Defendants' payment obligations, and grant the parties all other relief deemed appropriate.

Respectfully submitted this __ day of April 2018 by,

| s/. Peter Bober, Esq.<br>peter@boberlaw.com<br>Bober & Bober, P.A.,<br>1930 Tyler Street<br>Hollywood, FL 33020<br>Telephone: (954) 922-2298<br>Facsimile: (954) 922-5455<br>Attorneys for Plaintiff | s/. Lisandra Estevez, Esq.<br>DAVID DI PIETRO & ASSOCIATES, P.A.<br>The Law Offices of David Di Pietro, P.A.<br>101 NE 3rd Ave., Suite 1410<br>Fort Lauderdale, FL 33301<br>david@ddpalaw.com<br>service@ddpalaw.com<br>paralegal@ddpalaw.com<br>Telephone: (954) 712-3070<br>Facsimile: (954) 337-3824<br>Attorney for Defendants, G.C.L. CONSTRUCTION, INC.,<br>GUY LEBOEUF, Sr., and SUSAN MARKER-LEBOEUF |
|---|---|